UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERMAR D. WILLIAMS,

    Plaintiff,

v.                                    Case No. 3:24cv355-LC-HTC

M. GONZALEZ,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Jermar Williams, a prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 alleging Defendant M. Gonzalez violated his constitutional rights by using excessive force in April 2024. Doc. 1. Gonzalez has filed a second motion to dismiss, arguing Williams failed to accurately disclose his litigation history.[1] Doc. 57. Williams responded in opposition. Doc. 61. After reviewing the parties' submissions and the relevant law, the undersigned concludes Gonzalez's motion should be granted and this case should be dismissed without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) due to

---

[1] Gonzalez and Defendants Bishop and Streit filed the first motion to dismiss in February 2025. Doc. 37. That motion resulted in the Court dismissing: (1) the claims against Bishop and Streit due to Williams' failure to exhaust his administrative remedies; and (2) the negligence claim against Gonzalez. Docs. 43 & 45.

Williams' abuse of the judicial process in failing to accurately disclose his litigation history.

Section VIII of the Northern District of Florida's civil rights complaint form, titled "Prior Litigation," asks the following question, "Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" Doc. 1 at 15. Williams answered "no" to this question. *Id*. At the end of the complaint, Williams signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id*. at 17-18. Thus, Williams has in effect stated that at the time he filed the complaint, he had not filed any cases in state court relating to the conditions of his confinement.

Based on Defendant Gonzalez's second motion to dismiss, and upon the Court's own independent investigation, the undersigned takes judicial notice Williams filed a petition for writ of mandamus in state court in January 2022. *See* Levy Cnty. Case No. 2022 CA 13. In the petition, Williams alleged correctional officers at the Levy County Jail sexually assaulted him; he sought protection or a transfer away from those officers, as well as changes to the grievance process. Because the case related to the conditions of his confinement, Williams should have disclosed it on the complaint form.

Williams admits he failed to disclose the Levy County case on the complaint form but argues dismissal is not appropriate for several reasons, none of which are persuasive. Doc. 61. First, Williams claims he did not understand the question on the complaint form. However, Williams never indicated on the form that he did not understand the question and Williams does not explain how he misunderstood the question. The question clearly asked Williams whether he had filed any lawsuit in state court relating to the conditions of his confinement. And the Levy County case clearly qualified, as it alleged Williams had been sexually assaulted by correctional officers and it sought injunctive relief related to his conditions of confinement, including a transfer and reforms to the grievance process. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022) (affirming dismissal of complaint under 28 U.S.C. § 1915A for maliciousness and abuse of the judicial process for inmate's failure to disclose his litigation history even though he claimed the question on the complaint form was "confusing" because the question "was by no means a complicated one").

Furthermore, the complaint form specifically advised Williams: "***[F]ailure to disclose all prior state and federal cases … may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***" Doc. 1 at 13. Thus, Williams should have known he had to identify all his prior cases and that his failure to do so could result in dismissal. If the Court

excused a prisoner's failure to accurately disclose his litigation history based on a conclusory allegation of "confusion" or "misunderstanding," almost all prisoners would use that excuse to avoid the consequences of their misrepresentations. Accordingly, Williams' allegation that he did not understand the question is not sufficient to avoid dismissal. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction."); *see also Ballard v. Broling*, 2023 WL 6799147, at *1 (11th Cir. Oct. 16, 2023) (affirming dismissal and concluding district court was entitled to find inmate's failure to accurately disclose his litigation history under oath was an abuse of the judicial process "[r]egardless of whether his response to the question was knowing or intentional").

Second, Williams asserts he has cured his failure to disclose the state court case on the original complaint by including it on an amended complaint he mailed to the Court on April 14, 2025. However, the Court has not received that amended complaint. And even if the Court received an amended complaint from Williams that disclosed the required information about the state court case, dismissal of this case would still be appropriate because allowing an inmate to cure a failure to disclose by supplementing or amending a complaint would allow his

misrepresentations to go unpunished. *See Walker v. Davenport*, 2017 WL 559578, at *1 (N.D. Fla. Feb. 10, 2017) ("If the Court allowed Plaintiff to cure the defect by simply amending the Complaint, Plaintiff would face no punishment for his failure to disclose. … The only adequate sanction is dismissal without prejudice."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose his litigation history where his failure to do so was allegedly based on an "honest mistake" because that "would amount to no penalty … and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form"); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Third, Williams notes Gonzalez "admits that even though a diligent search of both federal and state court dockets was conducted, the specific case was not located until this time while preparing the answer to the Complaint."[2] Doc. 57 at 6. If

---

[2] Williams also notes the Defendants did not raise this disclosure issue in the first motion to dismiss. However, that is irrelevant because the Court has the authority to *sua sponte* sanction a litigant for providing false information on the complaint form. *See Kendrick*, 2022 WL 2388425, at *3 (affirming *sua sponte* dismissal of complaint where prisoner omitted cases from litigation history because "[a] plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915" and pro se litigants "owe the same duty of candor to the court as imposed on any other litigant"). Indeed, through multiple statutory provisions, Congress has indicated courts should *sua sponte* dismiss complaints filed by indigent

Case No. 3:24cv355-LC-HTC

Williams is suggesting the difficulty Gonzalez had identifying the Levy County case shows it was reasonable for him not to disclose it on the complaint form, he is mistaken. Williams knew about the Levy County case because he filed it; thus, he would not have to resort to searching the dockets of federal and state courts to disclose his litigation history. Indeed, the difficulty Gonzalez describes highlights the importance of prisoners accurately completing the forms, as they have unique knowledge about their prior litigation. *See Rickerson v. Inch*, 2020 WL 8263313, at *2 (N.D. Fla. Dec. 22, 2020), *report and recommendation adopted*, 2021 WL 2258311 (N.D. Fla. June 3, 2021) ("it is not the Court's obligation to scour every county for Plaintiff's filings"); *Estrada v. Henry*, 2013 WL 6816123, at *2 (N.D. Fla. Dec. 24, 2013) ("The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.").

Based on the foregoing, none of Williams' arguments have merit. Williams knew from reading the complaint form that disclosure of all prior cases was required. Nevertheless, Williams made a false representation in his complaint. If Williams

---

prisoners that are malicious. *See* 28 U.S.C. § 1915(e)(2) (stating a court "shall" dismiss a case filed by a person proceeding *in forma pauperis* "at any time" if the court determines it is malicious); 28 U.S.C. § 1915A (requiring courts to review prisoner complaints before docketing, or as soon as practicable after docketing, and dismiss complaints that are malicious); 42 U.S.C. § 1997e(c) (stating a court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 … if the court is satisfied that the action is … malicious").

suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

As one judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Thus, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Defendant Gonzalez's motion should be granted and this case should be dismissed

without prejudice as malicious. *See Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process.").

Accordingly, it is RECOMMENDED:

1. That Defendant Gonzalez's motion to dismiss (Doc. 57) be GRANTED.

2. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) for Williams' abuse of the judicial process.

3. That the clerk close the file.

At Pensacola, Florida, this 24th day of April, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv355-LC-HTC